**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TCYK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-3842 |
| ) | |
| DOES 1-62, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA**

Pursuant to Fed. R. Civ. P. 46, putative Defendant Doe #56 hereby respectfully submits this Memorandum of Law in Support of Motion to Quash Subpoena.

**I.     INTRODUCTION**

Doe 56 received a letter dated July 12, 2013 notifying him of the TCYK, LLC subpoena issued in this case pursuant to this Court's Order of June 18, 2013 [#11]. As Doe 56 was not aware of this litigation at the time the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, and thus had no occasion to object, he now moves pursuant to Rule 46 oppose the motion and vacate or modify the ensuing Order. Doe 56 contends that Plaintiff should not have been granted leave to subpoena the ISP because the several defendants have been misjoined and technology presented by Plaintiff in support of the contention that the referenced IP addresses belong to copyright violators has been held unreliable by Judge Baker of the Central District of Illinois. See ***VPR Internationale v. Does 1-1017***, 2011 WL 8179128 at *2; *see also* ***In re BitTorrent Adult Film Copyright Infringement Cases***, 2012 WL 1570765 at *4-5.

**II.     ARGUMENT**

Although misjoinder in mass copyright violation cases such as this one has not yet been addressed by the 7th Circuit, several Illinois District Courts have held that participation in a BitTorrent swarm is insufficient, in itself, to permit mass joinder. Additionally, some courts have recognized that the identification of copyright infringers through IP addresses is unreliable.

**A. The 62 Doe Defendants Have Been Misjoined**

It is appropriate to join multiple defendants into a single case where: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). Misjoinder occurs where the plaintiff fails to establish either of the Rule 20 requirements. ***X-Pays, Inc. v. Does 1-34***, 12-CV-928-JPG-SCW, 2013 WL 3467068 (S.D. Ill. June 17, 2013) report and recommendation adopted as modified sub nom, ***X-Pays, Inc. v. Does 1-34***, 12-CV-928-JPG-SCW, 2013 WL 3467071 (S.D. Ill. July 9, 2013). Pursuant to Rule 21, the court may sever or drop parties from a case due to misjoinder. ***Id.*** The trial court is granted wide discretion in determining whether to allow joinder, and may consider " "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." ***Chavez v. Illinois State Police***, 251 F.3d 612, 632 (7th Cir.2001).

A flurry of recent litigation throughout Illinois and the rest of the nation has centered on alleged copyright infringement by internet users participating in BitTorrent swarms. Plaintiff herein alleges that the Doe defendants improperly downloaded the work at issue in like manner.

Multiple judges in all three Illinois districts have recently held that it is improper to join dozens of defendants based on participation in a Bit Torrent swarm where participation is not concurrent. For example, in a well-reasoned opinion which thoroughly discusses the operation of BitTorrent technology, Judge Virginia M. Kendall held that mass joinder was impermissible where there is no showing of simultaneous swarm participation. ***Malibu Media, LLC v. Reynolds***, 12 C 6672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013); *see also **Malibu Media, LLC v. John Does 1–21***, 12 C 9656, 2013 WL 2458290, at *5–7 (N.D.Ill. June 6, 2013) (Reinhard, J.); ***Zambezia Film (PTY) Ltd. v. Does 1–33***, Nos. 13 C 1323, 13 C 1741, 2013 WL 1181587, at * 1–2 (N.D.Ill. Mar.20, 2013) (Shadur, J.); ***In Re BitTorrent Copyright Infringement Cases***, 12-CV-01188 [#32] (C.D. Ill. February 11, 2013) (disposing of joinder issue in 11 pending cases); ***X-Pays, Inc. v. Does 1-34***, 12-CV-928-JPG-SCW, 2013 WL 3467068 (S.D. Ill. June 17, 2013). Absent a showing of simultaneous participation in a swarm, there is insufficient basis to sustain the proposition that multiple infringement acts are part of the same "transaction, occurrence, or series of transactions or occurrences"as required by Rule 20. ***Id.***

Here, there is no showing of simultaneous infringement. Instead, Plaintiff alleges that several dozen IP addresses participated in a swarm over a span of days. Such intermittant activity does not support joinder, which allows Plaintiff to extract identifying information about dozens of potential defendants by submitting only one filing fee. Consequently, the action should be severed pursuant to Rule 21, with all defendants except Doe #1 dismissed without prejudice. Accordingly, any subpoena aimed at Does 2-62 should be quashed.

**B.  Identification By IP Address is Unreliable and Will Subject Defendant to Undue Harm**

Fed.R.Civ.P. 26(d) provides that "except in categories exempted from initial disclosure[s] ... or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  A party seeking expedited discovery has the burden to show good cause for the departure.  *Alternative Energy Solutions, Ltd. v. Chico*, 2011 WL 3880439 (N.D. Ind. Sept. 2, 2011).  Due to the nature of IP addresses and BitTorrent, Plaintiff does not have good cause to subpoena the information requested.

In *VPR Internationale v. Does 1-1,017*, a copyright holder sought expedited discovery in order to obtain the identities of subscribers linked to IP addresses. 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011).  The Court rejected the request, and the plaintiff sought reconsideration and certification for interlocutory review.  *Id.*  Judge Baker denied all requests, finding that the IP address method of discovery is too tenuous, the potential harm too great, and that absent service on at least one defendant, the Court lacked personal jurisdiction over any and could not and would not order expedited discovery.  *Id.*

The court noted that "[t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* at *2.  Additionally, the court recognized that "whether you're guilty or not, 'you look like a suspect.'" *Id.*  Ultimately, Judge Baker concluded:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to

>prove its case. In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class actions.'" *Id.*

The U.S. District Court for the Eastern District of New York rejected expedited subpoenas on similar reasoning. In *In re BitTorrent Adult Film Copyright Infringement Cases*, the court reasoned:

>"In order to allow multiple computers to access the internet under the same IP address, the cable modem may be connected to a router, or may itself function as a router, which serves as a gateway through which multiple computers could access the internet at the same time under the same IP address. The router could be a wireless device in which case, computers located within 300 feet of the wireless router signal could access the internet through the router and modem under the same IP address. The wireless router signal strength could be increased beyond 600 feet if additional devices are added. The only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software. Some of these IP addresses could belong to businesses or entities which provide access to its employees, customers and sometimes (such as is common in libraries or coffee shops) members of the public." 2012 WL 1570765 at *3-4.

The court also found it particularly troublesome that plaintiff's counsel in a similar case admitted that perhaps 30% of identified subscribers are not actual infringers. *Id.* (citing *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 2012 WL 263491 at *3 (S.D.N.Y. Jan.30, 2012)). Due to the unreliability of the IP address identification and the probable, if not certain, prospect of unfair litigation tactics pressuring identified subscribers into large settlements, the court refused to allow the requested discovery. *Id.* at *4-5.

5

Defendant Doe 56 respectfully moves this Court to follow *VPR Internationale* and *In re BitTorrent Adult Film Copyright Infringement Cases*, and QUASH all subpoenas issued pursuant to the Order of June 18, 2013 [#11].

### C.  Doe 56 Should Be Permitted to Proceed Under Pseudonym

In the alternative, Defendant Doe 56 requests that the Court allow him to remain anonymous and proceed under pseudonym through the initial stage of the litigation.  Due to the unreliable system of identification inherent in IP addresses, there is a strong potential that the account holder, an innocent bystander, will be unduly prejudiced by being named in a copyright suit.

Generally, parties must litigate in their own name in order to facilitate the openness of judicial proceedings.  *See* ***Doe v. City of Chicago***, 360 F.3d 667, 669 (7th Cir. 2004).  The Seventh Circuit, however, has noted that the presumption may be rebutted by showing that the harm of naming the party exceeds the likely harm from concealment.  *Id.*  A party may proceed under pseudonym where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." ***United States v. Doe***, 655 F.2d 920, 922 n. 1 (9th Cir.1981).

Judge Virginia M. Kendall recognized the potential for public embarrassment in ***Malibu Media, LLC v. Reynolds***. 12 C 6672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013).  She determined that the uncertainties of IP address identification and potential embarrassment outweighed any potential prejudice to the copyright holder in proceeding anonymously through the resolution of dispositive motions.  *Id.*

The same logic holds true here.  Prior to being publicly named in a copyright suit, there should be at least some showing that the account holder was actually the alleged infringer.  This concern can be alleviated by allowing Doe 56 to proceed anonymously during the early portion of the litigation.

6

### III.  CONCLUSION

For the foregoing reasons, Doe 56 respectfully requests that this Honorable Court GRANT his Motion, and enter an Order VACATING the June 18, 2013 [#11], and thereby QUASH any subpoena issued pursuant to the Order, or in the alternative that the Court allow Doe 56 to proceed anonymously under pseudonym up to and until the completion of dispositive motions, and for such other relief as is just and proper.

        DOE 56, Defendant


        By:         *s/Peter R. Jennetten*
                Peter R. Jennetten
        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO


Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: pjennetten@qjhpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 12, 2013**, I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Michael A. Hierl                                            ***Attorneys for Plaintiffs***
    Todd S. Parkhurst
    Hughes Socol Piers Resnick & Dym, Ltd.
    Three First National Plaza
    70 W. Madison St.
    Suite 4000
    Chicago, IL  60602
    Email: mhierl@hsplegal.com
    Email: tparkhurst@hsplegal.com

    Erin K. Russell                                              ***Attorneys for John Does 1, 10, 34 and 61***
    The Russell Firm
    233 S. Wacker Dr.
    84th Floor
    Chicago, IL  60606
    Email: erin@russellfirmchicago.com

And I hereby certify that on **August 12, 2013**, I mailed a copy of this document by United States Postal Service to the following non-registered participant:

    Comcast Corporation
    Legal Demands Center
    650 Centerton Rd.
    Moorestown, NJ  08057

                                                          *s/Peter R. Jennetten*
                                                          Peter R. Jennetten (Illinois Bar No. 6237377)
                                                          QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
                                                          227 N.E. Jefferson Ave.
                                                          Peoria, IL  61602-1211
                                                          Telephone:  (309) 674-1133
                                                          Facsimile:  (309) 674-6503
                                                          E-mail: pjennetten@qjhpc.com