IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TCYK, LLC,                          )
                                    )
       Plaintiff,               )
                                    ) Case No. 1:13-cv-03842
v.                                  )
                                    )
DOES 1-62,                          ) Honorable Joan B. Gottschall
                                    )
       Defendants.              )

MOTION TO VACATE, MOTION TO QUASH, MOTION TO SEVER,
AND MOTION TO DISMISS ON BEHALF OF JOHN DOE 40

COMES NOW Defendant John Doe 40, by and through counsel, and in support of his Motion to Vacate, Motion to Quash, and Motion to Sever/Dismiss shows the Court as follows:

I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff is a Nevada corporation with a principal place of business in Los Angeles, California. (Complaint ¶ 9). In April of 2013, Plaintiff made its first foray into the copyright trolling litigation business when it filed the first of a series of 67 virtually identical lawsuits naming 2,661 John Doe defendants in thirteen United States District Courts. As of the date of this filing, 16 of those lawsuits were pending in the Northern District of Illinois in which 1,165 John Doe defendants have been targeted. John Doe 40 is one of the 1,165 Northern District of Illinois targets.

The instant case was filed on May 23, 2013. [ECF No. 1]. On June 12, 2013, Plaintiff filed its motion for leave to take discovery prior to the 26(f) conference. [ECF No. 8, 9]. The motion was granted on June 18, 2013. [ECF No. 11]. Due to the nature of Plaintiff's motion, all of the foregoing was conducted *ex parte*, and as such Plaintiff has had two unimpeded opportunities to present its arguments in support of early discovery to the Court. Now that

Defendants (including, but not limited to John Doe 40) have been notified of this matter, and thereby of the prior *ex parte* proceedings, by their Internet Service Providers, this is their first opportunity to make their arguments in opposition heard.

II.  ARGUMENT

    A.  <u>The Court's Order Granting Early Discovery Should Be Vacated And The Subpoena Issued Pursuant To That Order Should Be Quashed</u>.

As in all swarm joinder cases, Plaintiff filed a motion for early discovery which, because all of the Defendants are John Does, was unopposed when the Court considered it. As noted above, that motion was granted in May of 2013. However, Plaintiff does not have good cause to conduct early discovery, and the Court's order granting Plaintiff's motion should be vacated.

The rise of so-called "copyright trolls" – plaintiffs who file multitudes of copyright suits solely to extort quick settlements – requires courts to ensure that the litigation process and their scarce resources are not being abused. *Purzel Video GmbH v. Does 1-161*, 1:13-cv-02504 (N.D. Ill. June 4, 2013)(Guzman, R.) *citing* Sean D. Karunaratne, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283 (Nov. 2012); James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79 (Winter 2012).

    1.  <u>Plaintiff Has Failed To Show Good Cause Why It Should Be Permitted To Conduct Early Discovery And The Order Granting Plaintiff Leave To Conduct Early Discovery Should Be Vacated</u>.

A party must make a showing of good cause in order to conduct discovery prior to a 26(f) conference. In swarm joinder cases filed by copyright trolls, a showing of good cause is particularly important for several reasons. As noted by Judge Guzman in *Purzel*, the increasing ubiquity of wireless networks undermines the copyright holder's assumption that the ISP subscriber is the copyright infringer. *See In re BitTorrent Adult Film Copyright Infringement*

2

*Cases*, Nos. 11-2995 (DRH) (GRB), 12-1147 (JS) (GRB), 12-1150 (LDW) (GRB), 12-1154 (ADS) (GRB), 2012 WL 1570766, at *3 (E.D.N.Y May 1, 2012) (because of the increasing use of wireless routers, by which one IP address can support multiple devices, the downloader could be the subscriber's family member, friend, visitor, neighbor or even a passerby); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. Jan. 30, 2012) (noting the risk that "many of the names and addresses produced [by the ISP]… will not in fact be those of the [infringers]," given the estimate by "[p]laintiff's counsel…that 30% of the names turned over by the ISPs are not those of individuals who actually downloaded or shared copyrighted material"); *VPR Int'l v. Does 1-1017*, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011) ("The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

In Plaintiff's haste to obtain names of Internet service subscribers to leverage into settlements, they have cut some corners. A cookie-cutter declaration, supplemented by a Gantt chart that shows little more than what Plaintiff already provided to the Court in its Complaint, to which a list of IP addresses is attached seeking the names of subscribers who may likely not be the actual infringer simply does not meet the standard for good cause. That Plaintiff may otherwise be unable to identify the alleged infringers is unfortunate, but is not sufficient reason to lower the standard for conducting early discovery.

Plaintiff has not shown good cause for its early discovery. John Doe 40 respectfully requests that the Court enter an Order vacating its June 18, 2013 order granting Plaintiff's Motion for Leave to Conduct Early Discovery and enter an Order denying Plaintiff's motion not

only for information identifying John Doe 40, but for the identifying information of all of the John Does in this matter except for the lowest remaining numbered John Doe[1].

    2.    <u>The Subpoena Seeking John Doe 40's Information Should Be Quashed Because It Seeks Irrelevant Information That Will Not Lead To The Identification Of An Actual Infringer</u>.

    a.    <u>John Doe 40 Has Standing To Challenge The Subpoena Issued To His ISP</u>.

A party has standing to challenge a third-party subpoena if there is a claim of privilege or the implication of a privacy interest. *Malibu Media v. Reynolds*, 1:12-cv-06672 [ECF No. 51 at 9] (N.D. Ill. Mar. 7, 2013). This Court has recognized the sufficiency of even a minimal privacy interest for this purpose. *Sunlust Pictures, LLC v. Does 1-75*, 1:12-cv-1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2011). Congress has also acknowledged an Internet subscriber's privacy interest in his identifying information held by an Internet Service Provider. *See, e.g.* 47 U.S.C. § 551, *as noted in Discount Video, Ctr. V. Does 1-29*, 2012 U.S. Dist. LEXIS 112518, 15 (D. Mass. Aug. 10, 2012).

John Doe 40 has a privacy interest acknowledged by law and has standing to challenge the subpoena issued to his ISP.

    b.    <u>The Subpoena Does Not Seek Relevant Information And Should Be Quashed</u>.

Discovery is only appropriate when the information sought is relevant. Fed. R. Civ. P. 26(b)(1). Information sought must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also, Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). This is particularly true in a mass copyright matter such as the instant case because the person paying for Internet service, which is the information sought in Plaintiff's subpoena, may not be the purported infringer. *Malibu Media, LLC v. Reynolds*, 1:12-

---

[1] John Doe 1 in this case is represented by the undersigned. However, John Doe 1 has entered a settlement with Plaintiff, and it is expected that Plaintiff will file a voluntary dismissal with prejudice shortly.

4

cv-06672 [ECF No. 51 at 13]. See also *VPR Internationale v. Does 1-1,017*, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011).

Discoverable information must relate to bringing copyright claims to trial. The only information Plaintiff wishes to harvest from the ISP is John Doe 40's identity. As acknowledged by this Court, the person paying the ISP provider's bill may well not be the infringer. It would not be a "reasonable calculation that the individuals connected to the subpoenaed IP addresses will have any discoverable information related to the current defendants." *Pacific Century Int'l. v. Does 1-37*, 282 F.R.D. 195 (N.D. Ill. Mar. 30, 2012).

Even if this Court were to determine that some of the information sought was discoverable, only the identity and address of the person paying the bill should be produced. The remainder of the information requested by Plaintiff does not bear on the claims in any manner and can only be used to annoy, harass and embarrass the defendants, including John Doe 40, into settlement.

John Doe 40 respectfully requests that the Court issue an Order quashing the subpoena issued to his ISP in this matter. If the Court denies John Doe 40's motion to quash, he respectfully requests entry of an Order limiting the information produced to his name and address.

### B. Joinder Is Improper And John Doe 40 (As Well As All Defendants Other Than John Doe 1) Should Be Severed And Dismissed From This Action.

Plaintiff is part of an "outbreak of similar litigation…around the country," in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action. See *On The Cheap, LLC v. Does 1-5011*, No. C10-4472 BZ, 2011 WL 4018258 at *1 (N.D. Cal. Sept. 6, 2011) (published order). The plaintiffs in these cases argue that when each defendant is one of many users simultaneously

uploading and downloading a protected work, the defendant acts as part of a "swarm" in a "series of transactions" involving "common questions of law or fact. (See Complaint ¶ 6-7). This practice is known as "swarm joinder," and it is the joinder theory relied upon by Plaintiff in this matter. Swarm joinder is disfavored and is under heavy scrutiny in this District due to the great potential for abuse.

    1.    <u>Plaintiff Has Failed To Satisfy Any Standard By Which Its Swarm Joinder Theory Could Possibly Stand In This District.</u>

The swarm joinder theory has been considered by many district courts, the majority of which, including the Northern District of Illinois, have rejected or severely limited it. See *CP Productions, Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 n.2 (N.D. Ill. Feb. 24, 2011)(Shadur, M.) ("It would constitute a real stretch of the normal meaning of language for [the plaintiff] to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into a single lawsuit."); *Malibu Media, LLC v. Reynolds, et al.*, 1:12-cv-06672 (N.D. Ill. March 7, 2013)(Kendall, V.)([I]n order to join multiple anonymous defendants in a single suit for copyright infringement based on the alleged use of the BitTorrent protocol, a plaintiff must either (1) establish that the defendants were simultaneously present in the same swarm, or (2) show that they accessed the swarm in close temporal proximity (within hours of one another, not days or weeks) such that it can plausibly be inferred that the defendants may have downloaded and uploaded content through the same series of transactions."); *Zambezia Film (Pty) Ltd. v. Does 1-33,* 1:13-cv-01323 and *Zambezia Film (Pty) Ltd. v. Does 1-60,* 1:13-cv-1741 (N.D. Ill. March 20, 2012) (Shadur, M.) ("[J]udges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm <u>at the same time as one another</u>. If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed

from the action. Generally, this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all of the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all of the defendants were present in the same swarm at the same time. Such a time period would usually span hours rather than days or months."); *Purzel Video GmbH v. Does 1-161*, 1:13-cv-02504 (N.D. Ill. June 4, 2013) (Guzman, R.); *On The Cheap*, 2011 WL 4018258, at *1 (gathering cases) (published order). See also *K-Beech, Inc. v. John Does 1-47*, 1:11-cv-02968-WSD (ECF No. 7) (N.D.Ga. Sept. 30, 2011).

Plaintiff cannot prove that John Doe 40 exchanged any part of the work at issue with any other Defendant in this case, nor can the Plaintiff show that any of the Defendants entered any sort of agreement with one another. Joinder is improper, and John Doe 40, along with all of the remaining John Doe defendants except the lowest remaining numbered John Doe, should be severed and dismissed from the case.

    3.    Severance Pursuant to Federal Rule Of Civil Procedure 21 Is Appropriate Because Plaintiff's Distortion Of The Joinder Rule Unfairly Burdens Defendants And The Court.

District courts have broad discretion to determine whether to sever. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2006). One of the many reasons swarm joinder is disfavored is that it distorts the joinder rule and places an undue burden on the court, and on defendants, by a party that does not fully pay its way, thereby overburdening the system in a calculated attempt to annex the courts as an arm of their collection operation without paying their fair share to access the courts. Joinder is intended to maximize efficiency and avoid waste of judicial resources as well as the resources of the parties. Swarm joinder in mass copyright cases creates the opposite effect. *Malibu Media v. Reynolds*, 2013 WL 870618 at *15 (N.D.
7

Ill.)(Kendall, V.) ("The individual issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through Plaintiff's mass-litigation strategy."); *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170 (CM), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) (stating that "[t]rying 245 separate cases in which 245 different defendants would assert his own separate defenses under a single umbrella is unmanageable" and '[t]he only economy that litigating these cases as a single action would achieve is [the] economy to plaintiff…of not having to pay a separate filing fee for each action brought").

As noted above, since April of 2013, Plaintiff has filed 67 identical lawsuits naming 2,661 John Doe defendants in thirteen United States District Courts. The cost of filing 67 lawsuits (using the rate in effect prior to May 1, 2013) was $23,450. However, had Plaintiff paid the filing fee for each of the 2,661 John Doe defendants, the filing fees would have totaled $931,350.

As of the date of this filing, Plaintiff had filed sixteen identical lawsuits in the Northern District of Illinois in which 1,165 John Doe defendants have been targeted. Plaintiff paid $6,400 in filing fees (all of the cases having been filed after May 1, 2013, when the filing fee increased to $400) rather than the $466,000 it should have paid to sue 1,165 defendants individually. This is a calculated risk known to litigants like Plaintiff. By the time a party objects or a court *sua sponte* denies a motion for early discovery, plaintiffs like TCYK have already obtained the names and contact information for hundreds of targets and are already collecting thousands of dollars in settlements. This distortion of the joinder rule to avoid filing fees has been addressed by a number of District Courts, including this one. See *Zambezia Film (Pty) Ltd. v. Does 1-33*, 1:13-cv-1323 and *Zambezia Film (Pty) Ltd.,* 1:13-cv-1741 (noting that the court is familiar with swarm joinder copyright infringement litigation in which the plaintiff seeks to distort the joinder

rule through its "inappropriate packaging of defendants", an approach that sought to proceed through payment of a single $350 filing fee, while separate suits against the 300 claimed infringers for their discrete infringements would have escalated that cost to $105,000.) (internal quotations omitted) (N.D. Ill. March 30, 2013) (Shadur M).

III. CONCLUSION

For the foregoing reasons, John Doe 40 respectfully requests that the Court enter an Order vacating its June 18, 2013 order granting Plaintiff leave to conduct early discovery, quashing the subpoena seeking John Doe 40's information, and severing and dismissing John Doe 40, and all of the remaining John Doe defendants other than the lowest numbered remaining John Doe Defendant, from this action.

                                          Respectfully submitted,

                                          /s/ Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255

CERTIFICATE OF SERVICE

    The undersigned certifies that on August 14, 2013, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

                                          /s/ Erin Kathryn Russell