# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13 C 3842 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| DOES 1-62, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff TCYK, LLC brings a complaint for copyright infringement against 62 unnamed "John Doe" defendants.[1] Plaintiff alleges that the Doe defendants used the BitTorrent software protocol to unlawfully transfer the copyrighted motion picture "The Company You Keep," to which Plaintiff holds the exclusive rights, in violation of the United States Copyright Act, 17 U.S.C. § 101, *et seq*. Now before the court are numerous motions by the Doe defendants to quash the subpoenas and to sever and dismiss individual Doe defendants from this action. For the reasons explained below, the motions to quash and sever are denied.

### I. BACKGROUND

At the time the complaint was filed, the Doe defendants were known to Plaintiff only by the Internet Protocol ("IP") addresses assigned by their Internet Service Providers ("ISPs") and by the date and time at which the infringing activity was observed. Plaintiff alleges that each of the defendants has an IP address based in Illinois. Plaintiff has issued subpoenas to the ISPs seeking information sufficient to identify each Doe defendant's name and contact information.

---

[1] Plaintiff has voluntarily dismissed with prejudice Does 14, 17, 25, 33, 34, 49, and 55. Plaintiff has dismissed Doe 40 without prejudice and named Doe 40 in a separate complaint.

Some of the Doe defendants, having been notified by their ISP of the subpoena, move to quash the subpoena and/or ask the court to sever and dismiss them from this case:

- Motion to Quash [14] by Doe (# unknown), based on improper joinder and the inability of the Plaintiff to identify the actual downloader based on the identity of the subscriber.

- Motion to Quash [17] by Doe 56, based on improper joinder and the inability of the Plaintiff to identify the actual downloader based on the identity of the subscriber. Alternatively, Doe 56 asks to remain anonymous during this litigation.

- Motion to Quash [26] by Doe (# unknown), stating "wrong IP address."

- Motion to Vacate, Quash, Sever, and Dismiss [22] by Doe 40.

## II. ANALYSIS

As an initial matter, Doe 40's motion [22] is denied as moot because Plaintiff has voluntarily dismissed Doe 40 from this action without prejudice. The issues raised in the remaining motions to quash and sever have been considered at length in the opinions of other courts in this district, and this court's discussion is therefore brief.

### A. The BitTorrent Software Protocol

Plaintiff alleges that the Doe defendants each used the BitTorrent protocol to download and distribute the motion picture "The Company You Keep." Many fellow district courts have explained the BitTorrent protocol. *See, e.g.*, *TCKY, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186 (N.D. Ill. July 10, 2013); *Malibu Media, LLC v. John Does 1-25*, No. 12 C 9655 (N.D. Ill. Apr. 24, 2013); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191 (N.D. Ill. 2013); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013).

To summarize briefly, the BitTorrent software protocol breaks up large digital files into smaller pieces. Participants in a BitTorrent file-sharing instance (a "swarm") download these individual pieces from other peer participants. When an individual piece has been downloaded, the protocol permits a participant to make that piece available for peers to download. When a

participant has downloaded copies of all of the pieces that made up the original file, the software assembles a copy of the file from the constituent pieces. After his or her own copy is assembled, the user may elect to leave the BitTorrent software running, which makes pieces of the file available for new peers to download. A BitTorrent user may leave the swarm at any time, before or after completing her download, ending her participation in both downloading and sharing. A user may also rejoin the swarm at a later time to complete her download or to continue sharing pieces with other peers. Thus, while a participant in the swarm is downloading the file, and possibly even afterwards, that participant may also be acting as a source for the download of portions of the file by other peers in the swarm. In this case, the complaint alleges that each of the Doe defendants participated in the same BitTorrent swarm to download and distribute Plaintiff's copyrighted motion picture.

**B. Motions to Quash**

The Doe defendants argue that the subpoena should be quashed because an IP address does not identify an individual infringing downloader, and their privacy interests would be violated if their ISPs provided their information to Plaintiff. These arguments have been considered by this court in previous orders. *See, e.g.*, *Purzel Video GmbH v. Does 1-84*, No. 13 C 2501, 2013 WL 4478903 (N.D. Ill. Aug. 16, 2013); *Bicycle Peddler, LLC v. Does 1-99*, No. 13 C 2375, 2013 WL 4080196 (N.D. Ill. Aug. 13, 2013).

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) "requires a person who is neither a party nor a party's officer to travel more than 100 miles"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (i-iv). A party moving to quash bears the burden of

3

demonstrating that the subpoena falls within one of these categories. To evaluate whether a subpoena imposes an undue burden, the court asks whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

A plaintiff alleging copyright infringement is entitled to the information sought through the subpoenas, and the subpoenas impose no undue burden on the Doe defendant, who is not the party who must comply with the subpoena. *See, e.g.*, *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *6. Several Doe defendants argue that the subpoena should be quashed because they did not download the movie in question, and someone else could have used their IP address to do so. But the fact that the customer associated with the IP address may not be the actual infringer is not a basis to quash the subpoena. As Judge Gettleman recently explained,

> [The] argument that the subpoena should be quashed because the information sought will not itself identify the actual infringer demonstrates a lack of understanding of the basic scope of discovery under the federal rules. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). . . . Even if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper defendant.

*reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013). The other arguments offered by the defendants in this case in support of quashing the subpoena essentially amount to a denial of liability—they contend that they were not the infringing parties. Such arguments go to the merits of the action and are "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *Hard Drive Prods. v. Does 1-48*, No. 11 C 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012).

Because the subpoenas will yield information relevant to Plaintiff's claims, and because the requirements of Rule 45 are satisfied, the court denies the motions to quash. The court will, however, require Plaintiff to refrain from publishing the Doe defendants' identities without further leave of the court, as Doe 56 requests in his motion. Numerous courts have deemed it prudent to allow defendants to proceed by pseudonym during preliminary stages of copyright infringement proceedings, even when, as here, the material downloaded is innocuous, given the "substantial possibility that the names turned over by ISPs will not accurately identify the individuals who actually downloaded or shared the copyrighted material." *TCYK, LLC v. Does 1-87*, 2013 WL 3465186, at \*4. Accordingly, Plaintiff must identify the defendants in all filings with the court, as well as in any information made public, only by Doe number or IP address. Furthermore, any communication by Plaintiff to a defendant suggesting that the defendant can or will be named in this action shall constitute a violation of this court's order and grounds for dismissal of the action against that defendant pursuant to Federal Rule of Civil Procedure 41(b).

**C. Permissive Joinder (Rule 20)**

The Doe defendants also argue that it is inappropriate to join, in a single suit, many anonymous defendants who have allegedly participated in the same BitTorrent swarm. Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Joinder is strongly encouraged. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Doe defendants argue, however, that the requirements for joinder pursuant to Rule 20(a)(2) are not

5

satisfied because they did not participate in the same transaction or series of transactions, nor do their cases share common questions of law or fact.

District courts across the nation are split on whether and how participation in BitTorrent swarm can constitute a "transaction, occurrence, or series of transactions or occurrences" under Rule 20. Some district courts have held that alleging any participation by defendants in the same BitTorrent swarm is enough to satisfy the requirement that the claims arise out of a "series of transactions or occurrences." Other courts have held that proper joinder depends upon allegations that defendants were present in the same swarm at the same time, participated in a swarm in close temporal proximity, or shared data directly with each other. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 203 (collecting cases).

This court is persuaded by Judge Castillo's opinion in *Malibu Media, LLC v. John Does 1-6*, which reasons that all that Rule 20 requires "is a logical relationship between the separate causes of action," not a precondition of acting "in concert" or "temporal distance or temporal overlap." *Id.* at 204. Judge Castillo noted that in BitTorrent cases, "[t]he shared operative facts are not solely that each Doe Defendant used BitTorrent, but that 'each Doe Defendant downloaded the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same [copyrighted works], and 2) allow his . . . own computer to be used in the infringement by other peers and Defendants in the same swarm.'" *Id.* at 202 (quoting *Patrick Collins, Inc. v. Does 1-21*, 282 F.R.D. 161, 165 (E.D. Mich. 2012)). Similarly, Judge Tharp has emphasized that "BitTorrent requires a cooperative endeavor among those who use the protocol. Every member of a swarm joins that cooperative endeavor knowing that, in addition to downloading the file, they will also facilitate the distribution of that identical file to all other members of the swarm." *TCYK, LLC v. John Does*

*1-87*, 2013 WL 3465186, at *4. The court agrees with Judges Castillo and Tharp that "'it is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file—could not constitute a 'series of transactions or occurrences' for purposes of Rule 20(a).'" *Id.* (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012)). *See also Bicycle Peddler, LLC v. Does 1-12*, No. 13 C 2372, 2013 WL 3455849, at *3-4 (N.D. Ill. July 9, 2013).

The complaint in this case alleges that the Doe defendants interacted with one another indirectly through participation in the same BitTorrent swarm. The copy of the motion picture that each defendant allegedly downloaded came from the same source or seed file. Based on these allegations, the claims against the defendants arise out of the same transaction or occurrence for the purposes of Rule 20(a). The court also notes that, to the extent temporal proximity of participation in the swarm supports joinder, the 62 Doe defendants in this action participated in the swarm between April 22, 2013, and April 25, 2013. (*See* Compl. Ex. B, ECF No. 1.) *See Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at *2 (N.D. Ill. June 12, 2012) (allegations that the defendants participated in the same swarm at varying times spanning just over one month supported permissive joinder).

Furthermore, Rule 20(a)(2)(B)'s requirement that the claims involve shared questions of law or fact common to all the defendants is also satisfied. Plaintiff has asserted the same claim against all of the Doe defendants. The claims against each defendant hinge on whether transferring the motion picture through a BitTorrent swarm infringes upon Plaintiff's copyright, in violation of the Copyright Act. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 205.

### D.  Discretionary Severance (Rule 21)

Even though Plaintiff has satisfied the requirements for permissive joinder under Rule 20(a), the court has broad discretion to sever a party at any time. *See Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *3 (N.D. Ill. Aug. 27, 2012).  Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).

At the time of writing, 54 Doe defendants remain in this case, as Plaintiff has dismissed 8 of the original defendants.  The motions to quash and sever demonstrate that the defendants may have individualized legal and factual defenses.  Other courts have expressed concern that joinder of large numbers of defendants in BitTorrent-related copyright infringement lawsuits will impede just, speedy, and inexpensive resolution of the cases. *See, e.g.*, *Malibu Media, LLC. v. Reynolds*, 2013 WL 870618, at *14 (noting that "each defendant is likely to assert a unique defense"); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 196 (D. Mass. 2012) ("The Court simply cannot see how it 'promote[s] trial convenience' to hold forty-seven mini-trials and ask one jury to make findings as to each of them."); *Patrick Collins, Inc. v. Does 1-38*, No. 12–10756–NMG, 2013 WL 1175245, at *11 (D. Mass. Mar. 19, 2013) (finding that joinder would create "significant logistical difficulties" where 34 Doe defendants remained).  The court also notes that the Local Rules of the Central District of California state that a complaint may include no more than ten "Doe or fictitiously named parties."  C.D. Cal. L.R. 19-1.

At this stage in the proceedings, however, these concerns are largely hypothetical. Joinder is encouraged, *Gibbs*, 383 U.S. at 724, and joinder at this stage of the litigation is more efficient than requiring Plaintiff to file 62 separate cases in order to obtain the discovery required to identify those responsible for downloading and distributing its motion picture. Severing the defendants would also require the court to address the same factual and legal issues in multiple cases. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 205. Moreover, although the court acknowledges that naming large numbers of Doe defendants in a single action deprives the federal courts of filing fees, the Northern District of Illinois has yet to adopt a Local Rule, like that adopted by the Central District of California, which would limit the number of Doe defendants in a single action.

The court therefore denies the Doe defendants' motions to sever and dismiss. This ruling does not foreclose a future challenge to joinder by Doe defendants who have been identified and served. *See id.* ("At this stage of the litigation, it appears that joinder will be manageable. . . . If joinder becomes unwieldy at a later stage of the litigation, however, the Court may sever . . . pursuant to Federal Rule of Civil Procedure 21.").

### III. CONCLUSION

For the reasons stated above, Doe 40's motion is denied as moot. The remaining Doe defendants' motions to quash are denied. The motions to sever are denied without prejudice. Plaintiff shall not publish the Doe defendants' identities without further leave of the court.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 18, 2013